IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. KEENAN K. COFIELD, *et al.*
   *Appellants*,

v.

HUGH WILLIAMS, *et al.*
   *Appellees.*

Civil No.: ELH-21-1070

## MEMORANDUM

This Memorandum concerns an appeal in a bankruptcy case. The appeal was filed by the self-represented appellants, Dr. Keenan Cofield and Berri Wells, and it pertains to an adversary proceeding, AP No. 20-00363, initiated in the United States Bankruptcy Court for the District of Maryland. ECF 1-2 ("Amended Notice of Appeal"); ECF 2-1 (same).[1] The adversary proceeding relates to a Chapter 7 bankruptcy proceeding (No. 20-16090) in which only Dr. Cofield is the debtor. With the Amended Notice of Appeal, appellants also included a "Motion for Appointment of Counsel for the Purpose of Appeal." ECF 1-4 (the "Motion").

As discussed, *infra*, appellants directed their notice of appeal to the Fourth Circuit. ECF 2-2. Thereafter, they filed an amended notice of appeal to include a request to proceed *in forma pauperis*. ECF 1-2. However, that appeal was transmitted to this Court. And, appellants failed to file a timely designation of the record, as required by Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure. As a result, the Bankruptcy Clerk transmitted the record on appeal to this Court on May 19, 2021, pursuant to Local Rule 404.2. ECF 2.

---

[1] The Amended Notice of Appeal suggests that Ms. Wells is both an alias for Dr. Cofield as well as an individual appellant. *See* ECF 1-2. It refers to "Dr. Keenan K. Cofield, aka Berri A. Wells, and fka Berri A. Wells, and Berri A. Wells." A review of the record transmitted to the Court indicates that Ms. Wells is a non-debtor who was joined as a plaintiff in the adversary proceeding by way of an amended complaint. *See* ECF 2-9 at 1-2; ECF 2-13 at 1-2.

No hearing is necessary in this matter. *See* Local Rule 105.6. The Court is mindful of its obligation to construe liberally the pleadings of a *pro se* litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, for the reasons that follow, I shall deny the Motion and I shall dismiss the case, pursuant to Bankruptcy Rule 8009(a) and Local Rule 404.2.

## I.   Background[2]

On April 30, 2019, Hugh and Marie Williams, defendants/appellees, entered into a one-year lease with Berri Wells for property in Oxon Hill, Maryland (the "Property"). ECF 2-13, ¶ 1; *see* ECF 2-12 at 2-11 (Lease Agreement). Dr. Cofield is not a party to that lease. *See* ECF 2-12 at 2-11. Wells allegedly defaulted on the lease. ECF 2-13, ¶ 3. As a result, litigation ensued in the State District Court for Prince George's County and the Circuit Court for Prince George's County, involving Wells and Mr. and Ms. Williams. *Id.*; *see* ECF 2-11 (Docket sheet). Defendants aver that Dr. Cofield was not a party to their suit.

But, the court records indicate that in September 2019, Cofield filed suit against Mr. and Ms. Williams. Wells was joined as a counterdefendant. *See* ECF 2-12 at 30-48 (Docket sheet). And, on January 7, 2021, the Circuit Court for Prince George's County dismissed that suit and ordered Wells to vacate the Property by April 1, 2021. *See* ECF 2-13, ¶ 11; ECF 2-12 at 48 (Docket entry reflecting Order).[3]

---

[2] I have drawn the facts from submissions in the Bankruptcy Court that have since been transmitted to this Court. Pursuant to Fed. R. Evid. 201, I may also take judicial notice of docket entries, pleadings, and papers in other cases in this District. *See Schultz v. Braga*, 290 F. Supp. 2d 637, 651 n. 8 (D. Md. 2003) (taking judicial notice of dockets in state court proceeding). For context, I have also employed facts as set forth in filings docketed with the Bankruptcy Court.

[3] Defendants indicate that this Order was issued on January 6, 2021. ECF 2-13, ¶ 12. But, as reflected in the docket sheet, the Order was issued on January 7, 2021, and docketed on January 8, 2021. ECF 2-12 at 48.

In the interim, on June 16, 2020, Dr. Cofield filed a petition for bankruptcy under Chapter 7. *See* ECF 1, *In re Cofield*, No. 20-16090 (Bankr. D. Md. Jun. 16, 2020). Wells did not sign the Petition. *See id.* at 56, 68. According to defendants, Cofield and Wells were not married at that time, but Cofield "gave himself the alias 'Berri Wells.'" ECF 2-13, ¶ 4. Then, on July 13, 2020, Dr. Cofield filed Amended Schedules identifying Hugh and Marie Williams as creditors to whom $100,000 was owed, pursuant to a judgment. *Id.* ¶ 9; *see* ECF 2-12 at 13 (Amended Schedule).

Dr. Cofield, "aka Berri A. Wells," received a bankruptcy discharge on September 22, 2020, pursuant to 11 U.S.C. § 727. ECF 2-12 at 27-28 (Order granting discharge). However, the defendants contend that the discharge "did not extend to the debt obligations" of Wells, a non-debtor associate of Cofield. ECF 2-13, ¶ 10.

On December 17, 2020, Dr. Cofield filed an adversary proceeding, seeking, *inter alia*, to enjoin Hugh and Marie Williams from collecting Ms. Wells's debt. *See* ECF 1 at 10, *Cofield v. Williams*, No. 20-363 (Bankr. D. Md. Dec. 17, 2020) (the "Complaint"). The Complaint also named as defendants the Williams' lawyer, defendants/appellees George B. Vaughn, and Mr. Vaughn's law firm, the "G.V. Law Group, PLLC AND/OR LLC" ("G.V. Law Group"). *Id.* at 6, ¶ 9.

In the suit, Dr. Cofield asserted that the Williams' pursuit of Ms. Wells's eviction violated various provisions of federal law because the debt owed under Ms. Wells's lease agreement had been discharged in bankruptcy proceedings. *See id.* at 7-8, ¶¶ 18-26. Further, the complaint alleged that appellees "engag[ed] in . . . conduct the natural consequences of which [was] to harass, oppress, or abuse any person in connection with the collection of a debt," in violation the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq. Id.* ¶ 28.

Dr. Cofield amended his complaint several times. *See*, *e.g.*, *Cofield v. Williams*, No. 20-363, ECF 7 (Bankr. D. Md. Dec. 22, 2020); ECF 10 (Dec. 30, 2020); ECF 14 (Jan. 6, 2021). And, the operative complaint was filed on April 6, 2021. *Id.*, ECF 87 (the "Amended Complaint"). Notably, the Amended Complaint named Ms. Wells as an individual plaintiff. *Id.*

Plaintiffs maintained that since initiating the adversary proceeding, Mr. and Ms. Williams "continued to engage[ ] in the illegal conduct . . . by once again attempting to collect DISCHARGED Debts, attorneys fees, expenses costs, and a judgment relating to" ongoing litigation in the Maryland State courts. Amended Complaint at 4, ¶ 10.

Further, the Amended Complaint joined as defendants two judges of the Circuit Court for Prince George's County: Administrative Judge Sheila R. Tillerson-Adams and Judge Michael R. Pearson.[4] Amended Complaint at 2. However, neither Judge Pearson nor Administrative Judge Tillerson-Adams was served. *See* ECF 90, *Cofield v. Williams*, No. 20-363 (Bankr. D. Md. Apr. 10, 2021).

Appellants sought actual, statutory, punitive, and compensatory damages from each defendant, as well as "all reasonable legal fees, costs, and expenses incurred." Amended Complaint at 9. They also asked, *inter alia*, the Bankruptcy Court to issue a "Permanent Injunction and/or Declaratory Order, that enjoins and permanently prohibits the Defendants and/or any Creditors in this case or the Chapter 7 bankruptcy case from filing any action in any court . . . ." *Id.* (emphasis omitted). And, they asked the Bankruptcy Court to declare as void "the Judgments and/or any future State Court Orders, including any verbal on the record judgments" entered in litigation between Ms. Wells and Mr. and Ms. Williams in the Maryland State courts, as well as to

---

[4] The docket erroneously uses the spelling of Pierson for the surname, rather than Pearson.

enjoin "the Prince George's County Circuit Court . . . from holding any hearings or proceedings involving the Plaintiff(s) Cofield and Wells . . . ." *Id.* at 11, 12. (emphasis omitted).

On April 14, 2021, in the Bankruptcy Court, Mr. and Ms. Williams filed a joint motion to dismiss the complaint or, in the alternative, for summary judgment. *See* ECF 2-13. The G.V. Law Group, PLLC and George B. Vaughan jointly filed a nearly identical motion. *See* ECF 2-9.

In short, appellees asserted that there is no connection between Mr. and Ms. Williams's "efforts to evict Berri Wells from their real property to the Plaintiff's estate . . . ." ECF 2-9, ¶ 54; ECF 2-13, ¶ 42. Moreover, they posited that appellants' filing of the Amended Complaint was an "attempt[ ] to thwart legal process and delay eviction of Berri Wells from the real property owned by [Mr. and Ms. Williams]." ECF 2-9 at 2; ECF 2-13 at 2.

Appellants filed two responsive motions. *See* ECF 2-5; ECF 2-4. In both motions, appellants asserted that the appellees' motions are barred by the doctrine of res judicata because they are "identical" to a previous filing that Mr. and Ms. Williams submitted in response to appellants' initial complaint. ECF 2-5 at 4; ECF 2-4 at 3. Moreover, appellants argued that appellees' motions should be rejected as untimely. ECF 2-5 at 4; ECF 2-4 at 3. However, they did not refute the facts as described in the defense motions.

On April 15, 2021, the Bankruptcy Court issued a notice indicating that Bankruptcy Judge David Rice would hold a hearing on April 21, 2021, to resolve appellees' motions. ECF 102, *Cofield v. Williams*, No. 20-363 (Bankr. D. Md. Apr. 15, 2021). At the hearing, Judge Rice stated that he would grant both appellees' motions. *See* ECF 1-3. And, on April 27, 2021, the court issued an Order granting appellees' motions, without leave to amend, "for the reasons stated on the record in consideration of the Motions currently pending before the Court, and any opposition thereto . . . ." *Id.*

On April 28, 2021, appellants filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, seeking review of Judge Rice's Order of April 27, 2021. ECF 2-2. Then, on April 30, 2021, appellants amended the notice of appeal, so as to move to proceed *in forma pauperis*. ECF 1-2; ECF 2-1.[5] But, the Amended Notice of Appeal was transmitted to this Court by the Bankruptcy Clerk on May 3, 2021. ECF 1; ECF 1-1. With their notice of appeal, appellants submitted a copy of Judge Rice's Order of April 27, 2021 (ECF 1-3) as well as a copy of the docket of the proceedings before the Bankruptcy Court (ECF 1-5). And, appellants submitted the Motion, requesting appointment of counsel. ECF 1-4.[6]

However, on May 19, 2021, the Bankruptcy Clerk noted that "the Appellant did not file any designation" of the record on appeal, as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. ECF 2. Therefore, the Clerk transmitted a partial record of the proceedings in the Bankruptcy Court to this Court, in accordance with Local Rule 404.2. *See* ECF 2-1 through ECF 2-14.

By Order of August 23, 2021 (ECF 3), I observed that no action had been taken in this case since the date on which the Bankruptcy Clerk transmitted the record. I also observed that appellants had failed to file a designation of record with the Court. *Id.* Accordingly, I directed appellants to submit a status report by September 6, 2021, explaining their non-compliance with

---

[5] The Clerk's Docket entry seems to indicate that the appeal was transmitted to the Fourth Circuit. ECF 2; *see also* ECF 2-2. However, the Court could not locate such a filing on review of the Fourth Circuit's public docket. Further, the Transmittal Sheet (ECF 2 at 1) indicates transmittal of the record to this Court.

[6] Appellants had previously submitted the Motion to the Bankruptcy Court. *See* ECF 112, *Cofield v. Williams*, No. 20-363 (Bankr. D. Md. Apr. 28, 2021). But, it appears that Judge Rice did not rule on the Motion.

Bankruptcy Rule 8009 and asking whether they wished to pursue the matter in this Court. *Id.* Further, I advised that defendants and/or defense counsel may respond. *Id.*

In the ensuing months, no party responded to the Court's Order. Therefore, on November 10, 2021, I issued an Order directing appellants to show cause by November 29, 2021, explaining why their appeal should not be dismissed for failure to comply with Bankruptcy Rule 8009. ECF 4. To date, no party has responded. *See* Docket.

## II.     Discussion

### A.

As an initial matter, I note that the Amended Notice of Appeal appears to assert that appellants intended this appeal to be heard by the United States Court of Appeals for the Fourth Circuit. *See* ECF 1-2. But, a court of appeals may exercise jurisdiction over a direct appeal from a final decision of a bankruptcy court only if the matter meets the criteria outlined in 28 U.S.C. § 158(d)(2), *and* the appellate court authorizes the direct appeal.

Appellants have not met the criteria. In any event, I am unaware of any authorization by the Fourth Circuit. Therefore, the appeal from the decision of the bankruptcy court must be heard by the district court, in accordance with 28 U.S.C. § 158(a)(1). This provision specifies, in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals[1] . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."

### B.

Appellants moved for appointment of counsel in the Bankruptcy Court. *See* ECF 112, *Cofield v. Williams*, No. 20-00363 (Bankr. D. Md. Apr. 28, 2021). But, the Bankruptcy Court did

7

not address the Motion. I shall construe its inclusion with the Amended Notice of Appeal as an indication that the Motion was intended for this Court's consideration.

In the Motion, appellants contend that they should be provided counsel because "[n]o . . . Defendants can claim and/or assert they would be prejudiced by such appointment, because the Defendants have counsel . . . ." ECF 1-4, ⁋ 3. Moreover, appellants claim that they "will be prejudiced if their rights are not protected by competent counsel in these matters." *Id.* ⁋ 4. They also assert that they "have already detected some possible forms of bias in this case," because the Bankruptcy Court did not order "the Defendants to comply with any of the Courts Local and Other Rules to statutes, and case laws cited by the Plaintiff(s)." *Id.* In addition, appellants appear to claim indigency, because they assert that they are "on Social Security and limited income." ECF 1-2 at 2. And, the Motion includes an "Application for Individuals to Pay the Filing Fee in Installments," signed by Dr. Cofield. ECF 1-4 at 5-6.

Notably, "no provision of the Bankruptcy Code either requires or allows the appointment of counsel for a debtor appealing an adverse ruling." *Cody v. Micale*, 7:19-MC-4, 2019 WL 2438792, at *2 (W.D. Va. June 11, 2019) (citing *In re Eilerston*, 211 B.R. 526, 531 (D.S.C. 1997)).

To be sure, section 1915(e)(1) of Title 28 of the United States Code provides that a federal district court "may request an attorney to represent any person unable to afford counsel." But, a federal district court judge's power to appoint counsel under § 1915(e)(1) is a discretionary one, and "should be allowed only in exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Manship v. Trodden*, 273 F. App'x 247, 248 (4th Cir. 2008) (per curiam). And, the question of whether exceptional circumstances exist in a particular case depends on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

Moreover, it is unclear whether 28 U.S.C. § 1915(e) applies in bankruptcy proceedings. *See Cody*, 2019 WL 2438792, at *3 (explaining that in *United States v. Kras*, 409 U.S. 434, 441 (1973), the Supreme Court found that relief under § 1915(a) is applicable in bankruptcy cases, but it did not discuss the availability of § 1915(e) in this context); *see also In re Fitzgerald*, 167 B.R. 689, 691 (Bankr. N.D. Ga. 1994) ("Since § 1915(a) is not available in bankruptcy cases, § [1915(e)] is probably not applicable to bankruptcy cases.")

Even assuming that § 1915(e) applies in bankruptcy proceedings, I see no basis to appoint counsel for appellants. Indeed, a review of this case does not reveal any exceptional or unusual circumstances that would warrant the appointment of counsel. And, Dr. Cofield clearly has the ability to assert his contentions. Accordingly, appellants' request for pro bono counsel shall be denied.

## C.

Regarding the appeal, appellants have failed, in the face of ample warning from the Court, to adhere to the procedural requirements pertaining to a bankruptcy appeal. In particular, Rule 8009(a)(1) of the Federal Rules of Bankruptcy Procedure provides that an appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). And, the designation and statement must be filed within 14 days after the appeal becomes effective or an order granting leave to appeal is entered. Fed. R. Bankr. P. 8009 (a)(1)(B).

Local Rule 404.2 is also relevant. It provides:

> Whenever the appellant fails to designate the contents of the record on appeal or to file a statement of the issues to be presented on appeal within the time required by Bankruptcy Rule 8009, the Bankruptcy Clerk shall transmit forthwith to the Clerk of the District Court a partial record . . . . When the partial record has been filed in the District Court, the Court may, upon motion of the appellee . . . or upon its own initiative, dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after

giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties.

As earlier described, appellants noted an appeal to this Court on April, 28, 2021 (ECF 2-2), which they subsequently amended. ECF 1-2; ECF 2-1. The Amended Notice of Appeal was docketed in this Court on May 3, 2021. *See* ECF 1; ECF 1-1. On May 19, 2021, because appellants failed to designate the contents of the record on appeal or file a statement of issues to be presented on appeal, the Bankruptcy Clerk transmitted a partial record to the District Court, pursuant to Bankruptcy Rule 8009 and Local Rule 404.2. *See* ECF 2.

Thereafter, by Order of August 23, 2021 (ECF 3), and pursuant to Local Rule 404.2, I provided appellants with notice of their deficiency as well as an opportunity to explain their non-compliance with Bankruptcy Rule 8009, and asked them to inform the Court whether they intended to pursue this appeal. After more than two months transpired without a response to the Court's Order, I provided appellants an additional opportunity to respond, but warned that the failure to do so could result in the dismissal of the appeal. ECF 4. Even so, plaintiffs have not responded.

A district court may, *sua sponte*, dismiss an appeal from an order of a bankruptcy court based on the appellant's non-compliance with a procedural requirement of the Bankruptcy Rules, but only after deliberate consideration of the factors identified in the case of *In re Serra Builders,* 970 F.2d 1309 (4th Cir. 1992). There, the Fourth Circuit said, *id.* at 1311:

> [T]he district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

But, "taking just one of the four steps is not sufficient . . . ." *Reid v. Cohen*, PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 4, 2020) (citing *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997)). Indeed, "giving the appellant notice and an opportunity to explain the delay, does not by

10

itself suffice to dismiss an appeal." *In re Weiss*, 111 F.3d at 1173. Rather, the Fourth Circuit explained in *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995):

> [A] proper application of [this] test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (*see* step one) and possible prejudice to other parties (*see* step three). Finally, throughout the process, a district court should bear in mind that although dismissal is an option, less drastic alternatives must be considered.

The case of *In re Serra Builders*, 970 F.2d 1309, arose in the context of a dismissal for appellant's failure to file a timely appellate brief. Nonetheless, judges of this Court have used a similar analysis to determine whether an appellant's failure to file a designation of the record on appeal warrants dismissal of a bankruptcy appeal. *See, e.g.*, *Reid*, 2020 WL 886181, at **2-3 (D. Md. Feb. 24, 2020); *Bird v. Specialized Loan Servicing, LLC*, RDB-16-3743, 2017 WL 1001257, at *5 (D. Md. Mar. 15, 2017); *Slavinsky v. Educ. Credit Mgmt. Corp.*, 362 B.R. 677, 678-79 (D. Md. 2007). Here, all four factors militate in favor of dismissal.

The second step is clearly satisfied. By issuing Orders of August 23, 2021 and November 10, 2021, the Court gave the appellants notice and ample opportunity to designate the record on appeal. *See* ECF 3; ECF 4. Accordingly, my analysis focuses on the first, third, and fourth steps articulated in *In re Serra Builders*.

As to the first step, appellants have not explained their continued failure to comply with the procedural requirements of bankruptcy proceedings. *See In re Weiss*, 111 F.3d at 1173 ("Bad faith [is] inferable from the overall behavior of the [appellants] throughout the procedure."); *In re Grice*, 4:15-cv-59, 2015 WL11112155, at **1-2 (E.D. Va. Nov. 12, 2015) (finding appellant was either negligent or acting in bad faith for failing to pay a filing fee and submit a designation of record for appeal within two months of the issuance of a court order instructing appellant to do so), *aff'd*, 654 F. App'x 589 (4th Cir. 2016).

As appellees observe, appellants have been "very litigious" in their adversarial proceeding in the Bankruptcy Court.  ECF 2-9 at 2; ECF 2-13 at 2.  Indeed, before the Bankruptcy Court, appellants filed various motions, seeking to enter default judgment against appellees, motions to strike appellees' motions as untimely, and motions to compel discovery.  *See*, *e.g.*, ECF 19, *Cofield v. Williams*, No. 20-363 (Bankr. D. Md. Feb. 19, 2021); ECF 25 (Feb. 25, 2021); ECF 43 (Mar. 15, 2021).

Appellants' litigation history in the Bankruptcy Court makes abundantly clear that they are or should be aware of the procedural requirements of a bankruptcy proceeding.  Furthermore, the Court has twice apprised them of their obligation to designate the record on appeal.  ECF 3; ECF 4.  Yet, despite appellants' notice of this requirement, they have failed to comply or respond to the Court.

Regarding the third stage of the inquiry, it has been eight months since the expiration of the deadline for appellants to file a designation of the record on appeal.  A delay of this length "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice."  *McDaniel v. Fed. Nat. Mortg. Ass'n*, RWT-14-626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (citation omitted).

And, with respect to the impact of dismissal, I am persuaded that no available alternative remedy is appropriate in this case, "where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation."  *Tekmen v. John E. Harms, Jr. & Assocs., Inc.*, RDB-11-1385, 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011) (dismissing a bankruptcy appeal for failing to submit a timely designation of record, file a brief in support of their appeal, or respond to appellee's motion to dismiss); *see Andresen v. Rosen*, PJM-05-3164, 2006 WL

4550187, at *3 (D. Md. Sept. 26, 2006) (explaining that dismissal was warranted when "[n]o alternative sanction can fairly address [appellant's] omissions").

### III.    Conclusion

Appellants have had eight months to file a designation of record with this Court and were served with two reminders by this Court of their obligation to do so. I am mindful that dismissal is a "'harsh sanction' that should not be 'imposed lightly." *Andresen*, 2006 WL 4550187, at *2 (quoting *In re Serra Builders, Inc.*, 970 F.2d at 1311). Nonetheless, it is appropriate in this case.

Accordingly, I shall deny the Motion. And, I shall dismiss appellants' Amended Notice of Appeal, pursuant to Bankruptcy Rule 8009(a) and Local Rule 404.2.

An Order follows, consistent with this Memorandum

Date: January 21, 2022                                /s/
                                            Ellen Lipton Hollander
                                            United States District Judge